CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Respondent, v. THEODORE W. MERTENS, Appellant.

### St. Louis Court of Appeals, January 10, 1899.

1. **Practice, Trial:** RECOUPMENT: STRICKEN OUT. In the case at bar the action of the trial court in striking out part of defendant's answer was not error, for the reason that the matter stricken out was not a defense to the action but merely stated facts in which the defendant could not have any interest and pertained to a matter of which another alone could complain.

2. **Verdict:** EXCESSIVE. The plaintiff's right of recovery against defendant can not be greater than the actual contract price with Hall if he were sued, and is excessive.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED, conditionally on remittitur; otherwise REVERSED AND REMANDED.

GEORGE S. GROVER for respondent.

The alleged counterclaim, stricken out by Judges Dillon and Fisher, constituted no defense to this action. R. S.

1889, sec. 2050, p. 542; Johnson v. Jones, 16 Mo. 494; Mahan v. Rose, 18 Mo. 121; Drake v. Corning, 19 Mo. 125; Grand Lodge v. Knox, 20 Mo. 433; Transportation Co. v. Boggiano, 52 Mo. 294; McAdow v. Ross, 53 Mo. 199; Emery v. Railway, 77 Mo. 339; Barnes v. McMullins, 78 Mo. 260; Wilkerson v. Farnham, 82 Mo. 672. The issue of fact, tendered by the defendant in that part of the answer which the trial court permitted to stand, was fairly tried by the jury, and their finding against him is not reviewable here. The plaintiff is not responsible to defendant in this action for the natural decay of the ice while in transit or while awaiting delivery. Hutchinson on Carriers [2 Ed.], sec. 216a and cases cited. The instructions given were proper and submitted the issues fairly to the triers of the facts. The appeal is destitute of merit. For that reason, the judgment below should be affirmed with damages. R. S. 1889, sec. 2305, p. 592.

Lubke & Muench for appellant.

The court erred in striking out the first recoupment or offset pleaded by defendant. The instrument sued on was in express terms merely a guaranty of a principal contract. A breach of that contract by the other party thereto must release the guarantor *pro tanto*. "As guarantor, the defendant had the right to avail himself of any defense that Gwin (the principal) had." Walser v. Wear, 141 Mo. 443, loc. cit. 464. The court erred in admitting illegal testimony. After treating the instrument sued on as an original obligation, and denying defendant all relief from a breach by plaintiff of the principal contract to which the one sued on was collateral, the court nevertheless admitted the statements or admissions of the principal contractor, Hall, as against defendant guarantor. Those statements were *res inter alios acta*, and should have been excluded. Brandt on Sur. &

Guar., sec. 518; Fouque v. Burgess, 71 Mo. 389. The court likewise erred in excluding the evidence of John Hall as to the complete terms of the contract between himself and the plaintiff railroad company. Admittedly, the contract of defendant was but a guaranty of that principal contract. The measure of defendant's rights and liabilities could only be known from the terms of the principal contract. The court below attempts to limit the issues to the sole question whether the plaintiff "transported" the twelve rejected cars "without delay." This is in plain contradiction to instructions number 1 and 2 given for plaintiff, and still more forcible contradiction to instruction number 3, given for defendant. Such contradiction should be avoided by the trial court, and its action was clearly erroneous. State v. Tatlow, 136 Mo. 678, 684; Evers v. Shumaker, 57 Mo. App. 454; Tower v. Carbondale, etc., 57 Mo. App. 181; Redpath v. Lawrence, 42 Mo. App. 101; State v. Cable, 117 Mo. 380. This instruction is further faulty, because it directs the jury that the only issue is whether plaintiff transported the twelve rejected cars without delay. An equally important issue was whether they were transported with due care. There is most convincing evidence in the record that at least two of these cars arrived here with doors open, and that the plaintiff left the twelve cars standing upon its tracks for days after they arrived at the Luther yards. Neither is the jury told what the court means by transporting. An instruction that unduly limits the issues, and ignores others, is bad. * * * The recovery in this case is, in any event, clearly excessive. The contract admittedly was for a net rate of $2 per ton, while the recovery is on a basis of $2.25 per ton. The socalled "draw-back" or "rebate" may have some significance in railroad parlance, or cover some occult arrangement between various connecting carriers. It is palpable, however, that if plaintiff had sued John Hall direct, there could have been

a recovery at the real rate only. Hall could not have been compelled to surrender twenty-five cents per ton with one hand and reach for the same amount with the other. Here, again, the court below has fallen into the error of holding the guarantor to a higher obligation than his principal, emphasized, moreover, by the consideration that in the written guaranty no rate whatever is mentioned. To thus extend the obligation of the guarantor above that of the principal, is to continue the shadow after the substance has vanished. Brandt on Sur. & Guar., sec. 121.

BIGGS, J.—The defendant is a dealer in ice in the city of St. Louis. In February, 1894, one John Hall was engaged in cutting and shipping ice at the town of Ruthven, a station on plaintiff's railroad in the state of Iowa. Hall had a contract with defendant for shipping ice from Ruthven to St. Louis. Before the plaintiff would agree to make the shipments over its railroad it required of Hall either the payment of the freight charges in advance, or security therefor. Thereupon the defendant executed and delivered to plaintiff the following guaranty: "I will guarantee freight charges on 125 cars of ice to be shipped from Ruthven, Iowa, to my address, St. Louis. Shipment to be made by John Hall." This paper is dated February 28, 1894. Shipments were made in pursuance of the contract. The last shipment consisted of thirty-six cars. The defendant received twenty-four of the cars, paid the freight bill therefor, and refused to accept the others on account of the alleged bad condition of the ice. Subsequently the plaintiff sold the remaining twelve cars of ice for $218.65, which amount was deducted from the amount claimed by plaintiff to be due it for freight. The balance of the charges, to wit, $304.45 the defendant refused to pay, and thereupon the plaintiff brought this suit to recover it. The defendant pleaded a counterclaim by reason of an alleged breach of

plaintiff's contract with Hall, to the effect that plaintiff had agreed to furnish Hall with twenty cars each day for the shipment of ice; that it failed and neglected to furnish that many, by reason whereof Hall was unable to ship to defendant as much ice as he otherwise would, to Hall's damage in the sum of $1,200, which amount defendant insisted he was entitled to recoup against plaintiff's demand for freight. On motion of plaintiff this portion of the answer was stricken out. The defense to the merits of the action was that the plaintiff had been slow and otherwise negligent in shipping the ice, by reason of which the ice, when offered to defendant, was in an unmarketable condition. As a counterclaim the defendant stated, that by reason of delay in shipping and other acts of negligence on the part of the plaintiff, the ice in the twenty-four cars which defendant did receive was short in weight; that the shortage amounted to $148, and that the defendant paid the freight charges thereon before he ascertained the bad condition of the ice. The jury disallowed the defendant's counterclaim and rendered a judgment against the defendant for $366.85 The defendant has appealed.

The action of the court in striking out that portion of defendant's answer referred to, was right. The principle of law that a guarantor may make any defense that his principal could if sued (Walser v. Wear, 141 Mo. loc. cit. 464), has no application here, for the reason that the matter stricken out was not a *defense* to the action. It merely stated facts which would probably warrant a recovery of damages by Hall, and in which the defendant could not possibly have any interest.

There is no question under the evidence that the ice when tendered to defendant was in bad condition, but as to the cause of it the evidence is conflicting. The defendant's evidence tended to prove delay in the shipments and negligence in handling the cars—that is, that the cars were

loaded on the afternoon of March 8, 1894; that they did not arrive in St. Louis until the thirteenth or fourteenth; that the doors of some of the cars were allowed to remain open, and that by reason of all of which the ice had melted to a great extent and the remainder had become soft and porous. The evidence in rebuttal was to the effect that the ice was loaded in the afternoon of March 8 and March 9; that the cars were shipped from Ruthven by different trains without delay; that with the exception of two cars which became out of repair, the cars arrived at Ottumwa, Iowa, on schedule time; that they were immediately transferred to the line of a connecting carrier; that the shipments were continued to St. Louis without delay, and that all of the cars arrived at their destination on or ahead of schedule time, except the two cars referred to, which arrived one day late. The plaintiff's evidence also tended to prove that upon the arrival of the cars at St. Louis they were placed on the switch, where the defendant had been in the habit of receiving and unloading ice, and that he had immediate notice of their arrival. The plaintiff's evidence also tended to prove that the ice was in bad condition when cut and loaded into the cars. It will be thus seen that the questions at issue were whether the plaintiff had been negligent either in shipping or handling the ice, and if so whether the negligence caused the bad condition of the ice. The court at the instance of the plaintiff gave several instructions to which various objections are urged. The second instruction covers the entire case, and is as follows:

No. 2. "If the jury find from the evidence in this case that the plaintiff furnished an ample supply of empty cars at Ruthven, Iowa, at all times in the months of February and March, 1894, for the shipment of ice to the defendant, and that as fast as said cars were loaded with ice and consigned to defendant, at said time and place, said cars were transported without delay and in schedule time, or less, over

the railroad of defendant and its connecting line, to the city of St. Louis, Missouri, *without any improper handling,* and then and there delivered or tendered to the defendant, without any charge for the packing around the ice in said cars, and that defendant refused to receive twelve of said cars of ice, or pay the freight thereon, after guaranteeing the payment of said freight before said cars were shipped, whereby said cars were sold for the freight charges thereon, resulting in a loss to the plaintiff of the sum here sued for, then they are instructed that the defendant is not entitled to recover on his counterclaim in this case, and your verdict must be for the plaintiff for the amount here sued for by it, to wit, the sum of three hundred and four dollars and forty-five cents, with interest thereon from the time of filing this suit, to wit, November 15th, 1894, to the present time, at the rate of six per cent per annum, provided you find from the evidence said sum of $304.45 to be the balance of freight due plaintiff on said twelve cars of ice."

We do not clearly comprehend the objection urged against this instruction. The objection pertains to the first clause, which required the jury to find that plaintiff furnished an ample supply of cars for shipping the ice to defendant. This was a necessary condition of recovery, for the reason that on account of the condition of the weather, the ice when cut would melt and deteriorate in value if left for any length of time on the bank of the lake. Counsel argues that the introduction of this issue was inconsistent with the action of the court in striking out defendant's counterclaim which presented the same issue. The answer is that the breach alleged in the counterclaim had no connection whatever with the ice that was shipped, but pertained to a matter of which Hall alone could complain.

The third instruction is subject to some criticism. In speaking of the duty of the plaintiff it fails to state that the shipment was made *with due care.* There was some evi-

dence that the doors of two of the cars were open when they arrived in St. Louis, and that the plaintiff's agent allowed them to remain open. Were it not for the plaintiff's second instruction the defendant would have good ground to complain. That instruction required the jury to find that the plaintiff properly handled the ice. Instructions must be read together. Omission in one may be supplied by another.

The fourth instruction is faulty in that it uses the word "or" instead of "and." In speaking of the bad condition of the ice when it arrived in St. Louis the instruction told the jury that although the ice was in a bad condition the verdict should be for plaintiff if they found that "the ice was damaged by the mild weather prevailing at the time of the shipment and delivery of said ice, *or* that said ice was not damaged by any neglect or carelessness on the part of plaintiff in transporting and delivering it." In view of the other instructions it is not probable that the jury was misled by this mistake.

The objection to the fifth instruction is that there was no evidence to warrant this clause, to wit, "that defendant allowed said cars to stand on said delivery track with the doors in said cars unlocked and open." No witness testified flatly to this fact, but it may be fairly inferred from the testimony of two or three of plaintiff's witnesses.

Other objections are made to plaintiff's instructions, and defendant also complains of modifications in two of his instructions. We have looked into these exceptions and have concluded that a discussion of them would serve no good purpose, as the result would be the same.

The exception that the verdict is excessive must be sustained. The evidence is uncontradicted that Hall was to be charged only $2 per ton for shipping the ice, that is nominally the charge was $2.25 per ton, but on the settle-

ment Hall was to have a rebate of twenty-five cents on each ton. The plaintiff's right of recovery against defendant can be no greater than against Hall if he were sued. Unquestionably Hall could not be compelled to pay more than the actual contract price. The judgment was for the larger rate, which makes it excessive in the sum of $71. If the plaintiff will remit that amount from the judgment it will be affirmed for the residue, otherwise it will be reversed and the cause remanded. All the judges concur.